Houx, Plaintiff in Error, v. Seat *et al.*, Defendants in Error.

1. Where one of two adjoining proprietors grants permission to the other to join fences with him — the fence of each being upon his own land—the license thus granted is a personal privilege and is revocable; a sale of his land by such proprietor amounts to a revocation of the license.
2. A purchaser who takes without notice of an agreement to join fences will not be bound thereby.

*Error to Cooper Court of Common Pleas.*

This was an action commenced before a justice of the peace to recover damages for wrongfully removing a partition or division fence. Upon the trial of the cause in the Cooper Court of Common Pleas, to which the same had been taken by appeal, it appeared in evidence that in the year 1853 Houx, plaintiff, and Isaac Lionberger were adjoining proprietors; that in that year Houx and Lionberger each built a string or line of fence on his own land; that it was agreed between them that the fence built on Lionberger's land and that built on the land of plaintiff should be a division fence between their lands; that each should keep in repair his part of the fence; the plaintiff used and occupied the land on one side of the fence, and that Lionberger used and occupied the land on the other side, from 1853 to 1856; that in 1856 Lionberger sold his land to defendant Seat; that in May, 1857, the fence situated on the land thus sold by Lionberger was taken away by defendants and rebuilt about twenty feet further back upon the land bought by Seat; that the taking away of said fence exposed the premises of plaintiff to stock of all kinds; that plaintiff aided in keeping up the fence and caused some rails to be put upon that part situate on land owned by Lionberger.

The court, at the instance of defendants, instructed the jury as follows: " If the jury believe from the evidence that Lionberger, the vendor of Seat, merely (when he was owner of the land sold to Seat) gave the plaintiff license to join fences with him, and afterwards sold the land on which the fence was situated to the defendant Seat, said sale was a

revocation of the license given by Lionberger to Houx, the plaintiff; and the defendant Seat or his agents had a right to take away or remove said fence ; and the jury must find for the defendants. 2. If Lionberger sold the land upon which the fence stood to Seat without any notice to Seat of the agreement between him and Houx, then Seat was not bound by any such agreement and could remove the fence at any time."

The jury found a verdict for defendants.

*Draffin*, for plaintiff in error.

I. The fence was established as a boundary line between Houx and Lionberger. The agreement to constitute the fence a division line was not required to be in writing by the statute of frauds. If good as between Houx and Lionberger for the purpose of creating a division fence, purchasers from them would be bound. (Taylor & Mason v. Zepp, 14 Mo. 482 ; 16 Mo. 276.)

*Douglass* and *Hayden*, for defendants in error.

I. The understanding between Houx and Lionberger was a mere license to Houx. There was no dispute between them as to the true line of boundary. There are no facts upon which an estoppel could be worked. The fence was situated entirely upon land belonging to Lionberger. (11 Mass. 294 ; 3 Kent Com. 438.) Taylor v. Zepp can not be applied to this case. The instructions given at the instance of defendants contained the law of this case. A license is revocable at any time. It may be revoked expressly or by implication. It was revoked in this case by the sale to Seat. The defendants had no notice of the agreement between the plaintiff and Lionberger, and the jury so found. Besides, the sale to Seat operated a revocation of the license.

SCOTT, Judge, delivered the opinion of the court.

The instructions given by the court properly declared the law of this case. The license of Lionberger to the defendant to join fences with him was revocable. The subsequent

sale of the land was a revocation of this license granted by Lionberger, and the defendants had a right to remove their fence. The defendants do not appear to have had any notice of the agreement between Lionberger and Houx. No mention was made of it in the deed from Lionberger to the defendants, nor were they in any way bound by it. It does not appear that any injury was suffered by the plaintiff in consequence of the act of the defendants. (Munford v. Whiting, 15 Wend. 380.) The other judges concurring, the judgment will be affirmed.